ASSINIBOINE AND SIOUX TRIBE
OF THE FORT PECK INDIAN
RESERVATION, Plaintiff,

v.

Gale NORTON, Secretary of the
Interior, et. al., Defendants.

No. CIV.A. 02–35(RCL).

United States District Court,
District of Columbia.

July 23, 2002.

Anne Noto, William R. Perry, Sonosky, Chambers, Sachse & Endreson, Washington, DC, for Plaintiff.

Anthony P. Hoang, U.S. Department of Justice, Martin Lalonde, Washington, DC, for Defendants.

### *MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

Now before the Court is defendants' Local Civil Rule 40.5(c)(3) Objection to Plaintiff's Designation of Related Case [6], plaintiff's response thereto and defendants' reply. Upon consideration of the pleadings, the relevant decisions of prior federal courts, and the Local Civil Rules, the Court DENIES defendants' objection, and finds that the instant case is related to *Cobell v. Norton,* Civil Action Number 96–1285(RCL). Therefore, the instant case need not and will not be referred to the Calendar Committee for random reassignment.

Plaintiff has designated its case as related to *Cobell,* which is pending on the merits before this Court. Local Civil Rule 40.5(a)(3) provides that:

[c]ivil, ... cases are deemed related when the earliest is still pending on the merits in the District Court and they (i)

relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent.

Defendants assert in their objection that this case does not fall into any of the categories enumerated in Local Civil Rule 40.5(a)(3).

## I. Background

The gravamen of the complaint in the instant case is that the trustee-delegate defendants are in breach of their fiduciary responsibilities towards the plaintiff beneficiary. In particular, the plaintiff alleges that the defendants have failed to provide it an accounting of all its funds held in trust by the federal government, as required by the 1994 Indian Trust Fund Management Reform Act, Pub.L. No. 103–412 ("1994 Act"). The 1994 Act codifies certain preexisting duties that the Secretary of Interior, as a trustee-delegate of the United States, owes both to individual Indian and tribal trust beneficiaries. Congress mandated in the 1994 Act that the Secretary of Interior "account for the daily and annual balance of all funds held in trust by the United·States for the benefit of an Indian tribe or an individual Indian which are deposited or invested pursuant to the Act of June 24, 1938 (25 U.S.C. 162a)." 25 U.S.C. § 4011(a).

Similarly, in *Cobell v. Norton*, Civ. A. No. 96–1285, the plaintiffs filed suit against the trustee-delegates of the United States and other federal officials "to compel performance of trust obligations." Like the plaintiff tribe in the instant case, the "ultimate goal" of the individual Indian plaintiffs in *Cobell* is an accounting of their funds held in trust by the United States. *Cobell v. Babbitt*, 52 F.Supp.2d 11, 19 (D.D.C.1999). Thus, the individual Indian plaintiffs in Cobell, like the tribal plaintiff in this case, allege that the federal government's trustee-delegates have breached (and continue to be in breach of) their fiduciary duties, which includes the duty to provide an accurate accounting.

## II. Analysis

The Court finds that the defendants' objection is without merit because these cases are replete with common issues of fact. While it would be a needless exercise in pedantry to discuss all of the common issues of fact between the instant case and *Cobell*, the Court will list a few of the more significant ones.

First, the Department of Interior manages the land that it holds in trust in the same manner regardless of whether the beneficiary is an individual Indian or a tribe. As Secretary Norton testified during the recent contempt trial in *Cobell:*

> Basically, the same kinds of, you know, administration of grazing leases on a reservation, the activities are done in parallel whether it is a tribal trust or whether it is an Indian trust. If BIA is handling that grazing lease, then it's essentially done in the same way by the same people whichever type of trust it is.
>
> So we've been looking at the issue both in terms of the IIM accounting and the tribal accounting. It is clear that we have responsibilities as to both and we ought to look at improvement of our system as to both types of accounting.

*Cobell v. Norton*, Contempt II Tr. at 4335. As a result of this practice, there is no question that common issues of fact exist between the instant case and *Cobell*. The Court will have to determine in the instant case, as it does in *Cobell*, whether the defendants are administering these leases in accordance with their fiduciary obligations.

Second, some leases cover many tracts of land that are held in trust by the federal government on behalf of both tribal and individual Indian beneficiaries. *See, e.g., Cobell v. Norton,* Contempt II Tr. at 4457. That is, a single lease may cover property that is held in trust by the United States for the benefit of tribal and individual Indian beneficiaries. As a result of this overlap, there are a multitude of factual issues that are in common in *Cobell* and the instant case. It would clearly waste judicial resources to have two separate courts make findings of fact regarding the administration of a single lease. This inefficiency would be exacerbated in this instance because there are numerous leases at issue in *Cobell* and the present case.

Third, the Department of Interior places the money that it collects from leases for both individual Indian and tribal land into the same Department of Treasury account. *Cf. Cobell v. Babbitt,* 91 F.Supp.2d 1, 22–25 (D.D.C.1999). There is no doubt that, as a result of the commingling of funds belonging to tribal and individual Indian beneficiaries, common issues of fact exist between the instant matter and *Cobell.* That is, in both the instant matter and in *Cobell* the Court has to determine whether these funds are being properly managed.

Fourth, the systems implemented by the defendants to manage the tribal trust accounts are the same systems used to manage the individual Indian account holders' trust accounts. In *Cobell,* the defendants filed their revised High Level Implementation Plan ("HLIP") in March of 2000. The Revised HLIP addressed these systems and the Tribal and IIM accounts handled by them. Specifically, the Revised HLIP reported with respect to the Trust Funds Accounting System ("TFAS") that:

[t]he OST, in coordination with the Department's Chief Information Officer (CIO) and the Office of Information Resources Management, is installing a Trust Funds Accounting System (TFAS) module (also referred to as the IIM Accounting System), suitable for both Tribal and IIM accounts ... Following appropriate data cleanup, successful implementation and piloting, the Trust Funds Accounting System module is being extended to both Tribal and IIM accounts nationally.

Revised HLIP at 59. Moreover, the Revised HLIP reported with respect to the Trust Asset and Accounting Management System ("TAAMS") that:

From a system perspective, TAAMS has its closest link to TFAS owing to the need for consistent data for individual Indian or Tribal accounts that are common to both systems and to accommodate transactions that have an impact on accounts in both systems.

Revised HLIP at 73. There are many factual issues that this Court must resolve, in *Cobell* as well as in the instant case, regarding TFAS, TAAMS, and the existing computer systems operated by the Department of Interior. It would waste judicial resources and be nonsensical to have another court address these same factual issues, particularly in light of the fact that this Court has already heard weeks of testimony regarding these computer systems. *See, e.g., Cobell,* 91 F.Supp.2d 1.

Finally, to the extent the trust accounts of both tribal and individual Indian beneficiaries are managed by the same computer systems, the security of those systems is clearly an issue of fact in both the instant case and in *Cobell.* Indeed, there is no question (especially after the Special Master in *Cobell* issued his Report and Recommendation Regarding The Security of Trust Data At The Department of Interior) that information technology security is a significant issue of fact in cases involving tribal and individual Indian beneficiaries.

In addition to the common issues of fact mentioned above, it is worth noting that the Court rejects the defendants' argument that its disparate treatment of the trust interests of the tribal beneficiaries from those of the individual account holders in *Cobell* nullifies the related case status of this case with the *Cobell* lawsuit. The reason is that although differences may exist between the instant matter and *Cobell*, there are clearly issues of fact that are common to both cases that are sufficient to reject defendants' position.

### III. Conclusion

For the foregoing reasons, the Court finds that the instant case is related to *Cobell v. Norton*, Civil Action Number 96–1285. Accordingly, the Court DENIES defendants' objection, and will not refer this case to the Calendar Committee for random reassignment. The Court has issued a similar order today in each tribal case that has been designated as related to *Cobell v. Norton*.

SO ORDERED.